[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11794

Non-Argument Calendar

_____

SCOTTY DEAN MILLER,

                                                    Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cv-00058-PRL

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

The Social Security Administration denied Scotty Miller's claim for a period of disability and disability insurance benefits after deciding that he was not disabled within the meaning of the Social Security Act. In making that determination, the administrative law judge discredited the opinion of Miller's treating physician without adequately explaining the reason for doing so. We therefore reverse the judgment of the district court upholding the denial of benefits with instructions to remand to the agency for further proceedings.

## I.

Scotty Miller applied for benefits in August 2016, claiming that he was unable to work because of a disabling condition he developed four years earlier. In his supporting paperwork, he explained that he was exposed to ehrlichiosis, a tick-borne illness, and had since suffered from chronic fatigue and pain along with other symptoms. Miller also submitted medical records that chronicled his treatment history from 2010 to 2017, when his disability insured status expired.

Following a hearing at which Miller and his wife testified about the severity of his symptoms, an ALJ determined that he was not entitled to disability benefits. The ALJ found that he had severe impairments: "Lyme disease, degenerative disc disease of the

cervical and lumbar spine, osteoarthritis right knee, allergic rhinitis and chronic pain syndrome." The ALJ also determined that his impairments "could reasonably be expected to cause the alleged symptoms." *See* 20 C.F.R. § 404.1529(b). The ALJ's task was then to examine the record and "evaluate the intensity and persistence" of those symptoms to determine how they limited Miller's "capacity for work." *See id.* § 404.1529(c)(1).

When conducting that evaluation, the ALJ gave only "minimal weight" to the opinion of Dr. Daniel Cameron, one of Miller's treating physicians. Dr. Cameron had completed a questionnaire in which he stated that he treated Miller for Lyme disease and that his prognosis was poor—Miller had been failing treatment, and he remained "severely ill." The doctor described Miller's pain as "intractable and virtually incapacitating," and indicated that physical activity would increase the pain "to such a degree as to cause distraction from tasks or total abandonment of tasks." He also opined that Miller could sit and stand or walk for less than two hours in an eight-hour workday; that he could occasionally lift less than 10 pounds; and that he had "significant limitations" in performing repetitive tasks with his hands. He stated that Miller's impairments would require him to take unscheduled breaks and likely cause him to miss work more than four times a month. He reported that Miller was incapable of performing "even low stress jobs."

The ALJ gave little weight to this opinion, stating that it was inconsistent with Dr. Cameron's own treatment notes and the

other medical evidence in the record. After finding that Miller could perform a range of sedentary work, the ALJ determined that Miller was not disabled, because many jobs existed at that exertional level. *See id.* §§ 404.1520(g), 404.1567(a). The Appeals Council denied review, and the district court affirmed the denial of disability benefits. Miller now appeals.

## II.

Because the Appeals Council declined to review the ALJ's decision, we review it as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We assess "whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Doughty*, 245 F.3d at 1278 (quotation omitted).

## III.

Miller argues that the ALJ failed to adequately explain the reasons for discounting the opinion of Dr. Cameron, who began treating him in 2017. Regulations in force at the time that Miller applied for disability benefits required the ALJ to give "controlling weight" to a treating physician's medical opinion if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

21-11794                Opinion of the Court                5

substantial evidence" in the case record. 20 C.F.R. § 404.1527(c)(2).[1]

This Circuit's case law establishes that "a treating physician's conclusions must be given substantial or considerable weight unless there is good cause to discount them." *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) (quotations omitted). And good cause "exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his or her own medical records." *Schink*, 935 F.3d at 1259. If the ALJ chooses to discount a treating physician's opinion, he "must clearly articulate the reasons" for doing so. *Id.*

When explaining the decision to assign only "minimal weight" to Dr. Cameron's opinion, the ALJ stated that "his excessive limitations are not supported by his own treatment notes nor consistent with the rest of the medical evidence of record." This justification is inadequate. The ALJ did not "clearly articulate what evidence led him to this conclusion." *Id.* at 1263. And "no obvious inconsistency" exists between Dr. Cameron's opinion and

---

[1] This regulation only applies to disability claims filed before March 27, 2017. *See* 20 C.F.R. § 404.1527. We do not consider here how the regulation applicable to claims filed on or after that date "bears upon our precedents requiring an ALJ to give substantial or considerable weight to a treating physician's opinions absent good cause to do otherwise." *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 n.4 (11th Cir. 2021).

either his treatment notes or the rest of the medical evidence as described by the ALJ. *See Simon*, 7 F.4th at 1105; *Schink*, 935 F.3d at 1263.

The ALJ referred to Dr. Cameron's treatment notes from Miller's Lyme disease consultation in June 2017 and a follow-up visit in December 2017. As the ALJ summarized, Dr. Cameron conducted a physical examination during Miller's initial visit in which he recorded "pain consistent with bursitis of the hips and shoulders." The doctor also noted that Miller "displayed normal strength in all muscle groups," "normal range of motion of all joints," and "no muscle masses." He recorded normal respiratory and neurologic results as well.

These observations, although "normal" in part, are not clearly inconsistent with Dr. Cameron's opinion, which stated that Miller would have "good days" and "bad days" and that his pain significantly increased with activity. And Miller's later report to Dr. Cameron that his medication "stabilizes his overall symptoms to the point that he was able to do some work" does not clearly show that his capabilities surpassed those that Dr. Cameron described in his opinion.

The ALJ also summarized other medical records from the years leading up to Miller's treatment by Dr. Cameron. When he was hospitalized in 2012 with complaints of muscle pain, joint pain, fever, a mild cough, and nausea, Miller tested positive for a bacterial agent that causes ehrlichiosis. His primary care physician

diagnosed him with ehrlichiosis after he was discharged from the hospital.

Over the next two years, Miller continued to register complaints of pain with his physician, who diagnosed him with allergic asthma, fibromyalgia, lumbar disc disorder, and fatigue, among other things.  X-rays taken in 2015 revealed spondylitic changes in the cervical and lumbar spine and arthritic changes of the knees, which do not appear inconsistent with pain.  A neurologic evaluation identified no "neurologic etiology of his diffuse pain," but ruling out one potential cause of a symptom does not plainly undermine its severity—especially where a patient's history indicates tick-transmitted infection as a likely cause.  As the ALJ noted, the neurologist recorded a positive test and a negative test for Lyme disease, and referred Miller to an infectious disease specialist.

We do not see any obvious inconsistency between Dr. Cameron's opinion and Miller's treatment records.  To the extent that the ALJ's summary of Miller's medical history referred to some "positive or neutral observations," those are not enough to show a "genuine inconsistency" as required, because they "create, at most, a trivial and indirect tension with the treating physician's opinion by proving no more than that the claimant's impairments are not all-encompassing."  *Simon*, 7 F.4th at 1107 (quotations omitted).

The ALJ's failure to clearly articulate good cause for discounting Dr. Cameron's opinion requires that we remand.[2] *Id.* at 1105.

★    ★    ★

On remand, the ALJ must reassess Miller's testimony, giving appropriate weight to each medical opinion in the record. If the ALJ still finds Miller's statements about the severity of his symptoms unpersuasive, the ALJ must specifically indicate the portion of the record that justifies that conclusion. *See id.* at 1109–10.

We **REVERSE** the judgment of the district court and **REMAND** with instructions to vacate the Commissioner's decision and to remand to the Commissioner for further proceedings.

---

[2] Miller also argues that the ALJ improperly "rejected" his own testimony about the severity of his impairments "solely based on the lack of objective medical evidence." *See* 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, 81 Fed. Reg. 14166, 14169 (March 9, 2016). But the ALJ accorded some weight to Miller's testimony and considered other available evidence in the record, including opinion evidence. The ALJ's analysis also addressed some of the relevant factors listed in 20 C.F.R. § 404.1529(c)(3), such as the intensity of Miller's pain and the effectiveness of treatment in controlling his symptoms. *See* 20 C.F.R. § 404.1529(c)(3). We therefore do not remand on this basis.